Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br>vs.<br><br>T.T. II INC., dba UTAH DOLLHOUSE and TORI WILKINSON aka TORRI ARMSTRONG,<br><br>    Defendant. | **COMPLAINT**<br><br>*Jury Trial Demanded*<br><br>Case Number:<br>Judge: |

Comes Now, Plaintiff in the above styled action, and files this Complaint for damages against Defendants and shows the Court as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over Defendant is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 6851(b).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Jane Doe (hereinafter referred to as "Plaintiff") is a citizen and resident of the State of Utah domiciled in Utah County, Utah.

4. Plaintiff's true name is known but she seeks to have this case proceed pseudonymously to protect herself from additional damages resulting from the unlawful distribution of her intimate images by the Defendants.

5.      Defendant T.T. II Inc., dba Utah Dollhouse is a corporation conducting business throughout the State of Utah using various instrumentalities of interstate commerce including, telephone lines, Internet networks, and other similar systems of communication. Defendant may be served with process at 7117 South 400 West, #4, Midvale, Utah 84047.

6.      Defendant Tori Wilkinson aka Torri Armstrong, is the Director and President of T.T. II Inc., dba Utah Dollhouse and personally participated in the public illegal distribution of Plaintiff's intimate images.

## STATEMENT OF FACTS

7.      Sometime in August 2024, Plaintiff met with the Defendants and provided them with several intimate visual depictions (intimate images) as that term is defined in 15 U.S.C. § 6851 and Utah Code Ann. § 76-5b-203.

8.      When she provided her intimate images to the Defendants, Plaintiff limited authorization to provide her images to only a few select carefully screened private recipients.

9.      Plaintiff created the intimate images but did not give consent to public distribution or display of those images.

10.     Sometime after that initial meeting, Defendants distributed Plaintiff's intimate images to the public on various third-party websites including, but upon information and belief not limited to, callescort.org, tryst.link, escortbabylon.net, escortalligator.com, theeroticreview.com, rubrankings.com, and ondate.com.

11.     Distributing intimate images without consent is a criminal offense under Utah Code Ann. § 76-5b-203.

12.     Plaintiff created and provided the intimate images with a reasonable expectation of privacy that they would be kept strictly private and never distributed without her consent.

13.     Some of the Plaintiff's intimate images showed her face or sufficient portions of her face to recognize her. One included her distinctive recognizable belly-ring. Others included imagery in the background sufficient to identify the Plaintiff to those that know her even when her face was not visible.

14.     Defendants posted Plaintiff's intimate images to the above-listed websites and others for the purpose of soliciting sexually oriented business.

15.     Defendants posted additional details about the Defendant along with her intimate images. Those details included, among other things, a written physical description of the Plaintiff, a description of the services Plaintiff could perform, and implications Plaintiff would perform sexual acts as part of her services.

16.     Defendants included their telephone number on each of their postings of Plaintiff's intimate images. They did so as Plaintiff's images were being used to solicit sexually oriented business from others.

17.     Defendants knew distributing the Plaintiff's intimate images would cause her to suffer emotional distress or harm.

18.     Defendants knew Plaintiff had an expectation of privacy in her intimate images.

19.     Even after Plaintiff requested a removal of her intimate images from the various public websites where Defendants posted them, Defendants kept Plaintiff's intimate images on those websites for public display and soliciting sexually oriented business.

20.     Defendants used a means or facility of interstate or foreign commerce to disclose the intimate visual depiction of Plaintiff when she used the Internet and cellular networks to disclose videos and/or photos which contained intimate visual depictions of Plaintiff.

## COUNT I
*Civil action relating to disclosure of intimate images*
*15 U.S.C. § 6851*

21.     Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

22.     On multiple occasions in and since August of 2024, Defendants distributed photos which contain intimate visual depictions of Plaintiff by posting the images on various websites including, but not limited to, callescort.org, tryst.link, escortbabylon.net, escortalligator.com, theeroticreview.com, rubrankings.com, and ondate.com.

23.     Upon information and belief, Defendants also distributed Plaintiff's intimate images on other websites advertising escort services.

24.     Upon information and belief, Defendants also distributed Plaintiff's intimate images to individuals directly through text messages, emails, Internet websites, or other similar means.

25.     Defendants used a means or facility of interstate or foreign commerce to disclose the intimate visual depictions of Plaintiff when they used the Internet or cellular networks to disclose photos which contain intimate visual depictions of Plaintiff.

26.     Plaintiff did not consent to Defendants' disclosures of her private intimate images.

27. At all relevant times, Defendants knew Plaintiff did not consent when they distributed the Plaintiff's intimate images.

28. Defendants' disclosures of Plaintiff's intimate images were intentional and malicious.

29. In the alternative, Defendants' disclosures of Plaintiff's intimate images were negligent.

30. In the alternative, Defendant acted with reckless disregard as whether Plaintiff had consented to such disclosure.

31. Plaintiff has suffered damages, including, but not limited to; humiliation, embarrassment, harassment, anxiety, undue stress, fear of further disclosures, sleeplessness, strained relationships with others, school performance problems, exacerbation and flare-up of existing medical conditions, loss of sleep, loss of appetite, and various other negative emotional distress and personal physical injury damages as a result of Defendants' disclosures of Plaintiff's intimate visual depictions.

32. Plaintiff is entitled to actual damages against the Defendants jointly and severally for her emotional distress and personal physical injury damages discussed above in an amount as determined by a jury.

33. Plaintiff is entitled to liquidated damages against the Defendants jointly and severally in the amount of $150,000.00, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(i).

34. Plaintiff is also entitled to equitable relief, including a permanent injunction ordering the Defendant to cease display or disclosure of the visual depictions pursuant to 15 U.S.C. § 6851(b)(3)(ii).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment in his favor and against Defendants jointly and severally and for the following relief:

1. Finding Defendants jointly and severally liable to Plaintiff under 15 U.S.C. § 6851;

2. Awarding Plaintiff liquidated damages in the amount of $150,000.00, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(i);

3. Awarding Plaintiff actual damages for her emotional distress and personal physical injuries;

4. Granting appropriate injunctive relief against Defendants pursuant to 15 U.S.C. § 6851(b)(3)(ii); and

5. Awarding such other and further available relief and any other relief the court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED 11/25/2024                    Eric Stephenson
                                    *Attorney for the Plaintiff*