Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>T.T. II INC., dba UTAH DOLLHOUSE and TORI WILKINSON aka TORRI ARMSTRONG,<br><br>    Defendant. | **EX PARTE MOTION TO PROCEED PSEUDONYMOUSLY**<br><br>Case Number: 2:24-cv-00879<br>Judge: Dale A. Kimball |

Plaintiff hereby respectfully requests this Court *ex parte* pursuant to Rule 7(b) of the Federal Rules of Civil Procedure to allow her to proceed with this case pseudonymously under the name Jane Doe.

ARGUMENT

Litigation generally commences in the true names of the parties.[1] Nevertheless, there are exceptional circumstances warranting some form of anonymity in judicial proceedings. As the Eleventh Circuit has explained:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.[2]

---

[1] *See* Fed. R. Civ. P. 10(a) and Fed. R. Civ. P. 17(a)
[2] *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)

In reviewing other cases where party was permitted to proceed under a pseudonym, the Tenth Circuit identified that the common feature among them was whether "there is an important privacy interest to be recognized."[3]

This is one of those cases. Plaintiff is a victim of sexual exploitation.[4] By definition that is of a highly sensitive and private nature. The harm this case seeks to redress would also be incurred again, and even more publicly than before, if Plaintiff's name is revealed. By any measure, this case presents "exceptional circumstances [in which] the need for anonymity outweighs the presumption in favor of open court proceedings."[5]

The unlawful distribution of Plaintiff's intimate images at issue has already caused Plaintiff to suffer a variety of damages including, among other things; humiliation, embarrassment, harassment, anxiety, undue stress, fear of further disclosures, sleeplessness, strained relationships with others, school performance problems, and various other negative emotional distress and physical injury damages.[6] Increasing those damages by requiring her to provide her name publicly is not in anyone's best interests and would cause Plaintiff additional similar damages.

Denying her the protection of pseudonymously proceeding would also have a chilling effect on this and other similar cases. If victims of sexual exploitation must reveal their true identities publicly to seek redress for their grievances, most will never step forward to exercise their rights.

---

[3] *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)
[4] *See* Complaint
[5] *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (*quotation marks omitted*)
[6] *See* Complaint (ECF No. 2)

Proceeding under his true name also amplifies the injuries at issue in this case, prejudices the Plaintiff, and allows the public and others to further invade Jane Doe's privacy. This case is likely to expose not only her intimate images but usernames, website usage, and other identifiers that could allow others to access Plaintiff's private information or harass the Plaintiff anonymously. The general public should never be able to link victims of sexual exploitation to their private lives as a result of litigation over that exploitation. This is especially true in a case like this where additional intimate images of the Plaintiff could still be posted online and connected to her real name.

The public also has no interest in the identity of the Plaintiff while she has a significant interest in maintaining her privacy. "The issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant."[7] In a case like this, those competing interests are not even close to comparable. Obviously, the Plaintiff has a significant interest in his privacy since that is the whole point of this case. The public, on the other hand, has no interest whatsoever in the Plaintiff's true identity.

Because the Defendant already knows Plaintiff's true identity they will not be prejudiced in any way by allowing Plaintiff to proceed under a pseudonym. Even if they did not already know the identity of the Plaintiff, revealing it to Defendant privately could cure any perceived prejudice while still maintaining Plaintiff's privacy from a public standpoint.

DATED 11/25/2024					Eric Stephenson
							*Attorney for the Plaintiff*

---

[7] *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)