IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOE,<br><br>    Plaintiff,<br><br>v.<br><br>T.T. II, et al.,<br><br>    Defendants. | MEMORANDUM DECISION Re DISCOVERY MOTIONS: [21][23]<br><br>Case No. 2:24-cv-00879-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

Before the court are Defendants' Motion to Withdraw Admissions (Motion or Motion to Withdraw) (ECF 21) and Motion to Strike Response to Short Form Discovery Motion and Request for Hearing (Motion to Strike) (ECF 23). The court also considered the response of Plaintiff to each motion (ECF 22 and 24) as well as the reply to the Motion to Strike (ECF 25). Having carefully considered the relevant filings and case law, the court finds that oral argument is unnecessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court enters the following Memorandum Decision and Order.

## I.    BACKGROUND

The present discovery issues arise from Defendants' untimely response to Plaintiff's First Set of Request for Admission served on Defendants by email on February 27, 2025 (ECF 21 at 1). Counsel for Defendants asserts that the responses were untimely because he "did not see the single email sent on that day, and checked the Court docket regularly, erroneously expecting a Certificate of Service to be filed with the Court" (ECF 21 at 1). On May 17, 2025, Defendants' counsel realized discovery was pending and contacted Plaintiff's counsel for additional time to respond and withdrawal of admissions (*id.*). The next day, Plaintiff's counsel declined to agree to the extension or withdrawal because "the Rules provide for automatic admission when Request for

Admission are not timely answered" (*id*. at 2). On May 26, 2025, Defendants' counsel sent Plaintiff's counsel responses to the requests and again sought an agreement to withdraw admissions (*id*.). Plaintiff's counsel declined an agreement stating: "Months have passed when I could have engaged in more discovery but believed I didn't need to do so because I had admissions on which to rely. Now we have lost valuable time" (*id*.).

On May 31, 2025, Defendants filed their Motion to Withdraw (ECF 21) seeking an order from the court permitting Defendants to withdraw their admissions, citing Federal Rules of Civil Procedure Rule 30(b) and 60(b). On June 16, 2025, Plaintiff filed her Opposition to the Motion to Withdraw (Opposition) (ECF 22). Defendants then filed their Motion to Strike (ECF 23), asserting that Plaintiff's Opposition (ECF 22) did not adhere to DUCivR 37-1's time or page requirements (ECF 23 at 1).

## II.   DISCUSSION

### A.   Motion to Strike (ECF 23)

Defendants assert that their Motion to Withdraw (ECF 21) was filed as a "Short Form Discovery Motion" pursuant to DUCivR 37-1 (ECF 23 at 1), and therefore Plaintiff's response did not conform to the procedure set out in DUCivR 37-1 (*id*.). Specifically, the requirements that a response must be limited to 500 words and filed within five business days after the filing of the motion (*id*.). Accordingly, Defendants seek an order from the court striking Plaintiff's Opposition (ECF 22) because it is eight pages (well over the 500-word limit) and was filed sixteen days after the Motion to Withdraw (ECF 23) (*id*.).

Plaintiff contends that Defendants' Motion to Withdraw was not filed pursuant to DUCivR 37-1 because: (1) Defendants never referred to DUCivR 37-1 in their Motion to Withdraw but based their arguments on Fed. R. Civ. P. Rules 30(b) and 60(b); and (2) motions to withdraw are

2

not within the scope of DUCivR 37-1 (ECF 24 at 2–3). As such, Plaintiff asserts her response was not subject to DUCivR 37-1's word limit or time requirement (*id.* at 1).

Defendants' counsel did not clearly indicate that the Motion to Withdraw was being filed as a Short Form Discovery Motion pursuant to DUCivR 37-1. Despite a section of the Motion to Withdraw titled "Certification of Reasonable Efforts" and the Motion's overall word count being less than 500 words, there are no other indicators within the Motion to Withdraw that Defendants filed the Motion pursuant DUCivR 37-1. The heading of the Motion to Withdraw fails to indicate that it is a short form motion. The text of the Motion makes no mention of DUCivR 37-1 and cites Rules 30 and 60(b) (ECF 21 at 3). Furthermore, Defendants' counsel filed the Motion as a "MOTION for Discovery and Memorandum in *Support Withdraw Admissions*" instead of filing it as a Short Form Discovery Motion (*see* docket text entry for ECF 21). Defendants' counsel clearly knows how to correctly file a Short Form Discovery Motion, as evidenced by the filing of his Motion to Strike, which was filed as a short form motion (*see* docket text entry for ECF 23).

Because Defendants created confusion regarding whether their Motion to Withdraw was filed pursuant to DUCivR 37-1, Plaintiff was justified in believing that her response was not limited to DUCivR 37-1's restrictions. Due to the confusion caused by Defendants, the court finds that Plaintiff's Opposition (ECF 22) was governed by DUCivR 7-1, the rules governing general motion practice. DUCivR 7-1 requires a response to be filed within 14 days and may not exceed 10 pages or 3,100 words. Plaintiff's Opposition does not exceed 10 pages or 3,100 words. As to timeliness, under DUCivR 6, when a motion is filed on a weekend or holiday (as is the case here), the response is due 14 days from the next day the court is open. Here, Defendants' Motion to Withdraw was filed on Saturday, May 31, 2025; thus, Plaintiff's Opposition was due on Monday,

June 16, 2025, the day Plaintiff filed her Opposition. Therefore, the court finds that Plaintiff's Opposition, filed on June 16, 2025, complies with DUCivR 7-1.

Accordingly, Defendants' Motion to Strike (ECF 23) is DENIED.

**B.     Motion to Withdraw (ECF 21)**

Turning to Rule 36(a), which provides that "[a] party may serve on any party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)." Rule 36(a)(3) "makes clear that unless a response is received within thirty days of a request for admission, each item contained therein will be deemed admitted." *Bernard v. Group Pub., Inc.*, 970 F. Supp. 2d 1206, 1220 (D. Colo. 2013) (citing *Bergemann v. United States,* 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted.")). "'The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a written answer is filed or objections made.'" *Id.* (quoting 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2259, at 551 (2d ed. 1994)). Once a matter is admitted, it "'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting Fed. R. Civ. P. 36(b)). "The court may permit such withdrawal or amendment 'when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Id.*

It is not clear why Defendants cite to Rule 60(b) or how it is applicable here. Moreover, Defendants' Motion to Withdraw correctly states the applicable standard set forth above under Rule 36(a), but they incorrectly attribute the standard to Rule 30(b) (ECF 21 at 2).

4

Notwithstanding, the court focuses its analysis on the standard under Rule 36(b) as articulated above.

Despite citing the correct standard, Defendants' argument claiming that the standard has been satisfied consists of only four sentences, most of which are conclusory (ECF 21 at 2–3). Furthermore, Defendants fail to address whether "the presentation of the merits of the action will be subserved" by the admissions (*id*. at 2). Instead, Defendants cursorily focus on the amount of prejudice suffered by Plaintiff (*id*. at 2–3). Although the admissions were the result of Defendants' counsel's mistake, the issue of withdrawal or amendment of Defendants' admissions is significant and requires Defendants to address both elements above.

Given the importance of this decision and the confusion regarding the length of pleadings, the court provides Defendants with a narrow time frame to fully address the relevant legal standard. Defendants are permitted to file a reply memorandum in response to Plaintiff's Opposition (ECF 22). Defendants' reply must be filed within five days of this Order and must not exceed 10 pages or 3,100 words.

### III.   CONCLUSION

For the reasons set forth above, the court hereby DENIES Defendants' Motion to Strike (ECF 23). Defendants are permitted to file a reply to Plaintiff's Opposition (ECF 22) within 5 days of this order. The court refrains from ruling on Defendants' Motion to Withdraw (ECF 21) until it receives Defendants' reply.

IT IS SO ORDERED.

DATED this 3 November 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah