IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOE,<br><br>  Plaintiff,<br><br>v.<br><br>T.T. II, et al.,<br><br>  Defendants. | **MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART [21] DEFENDANTS' MOTION TO WITHDRAW ADMISSIONS**<br><br>Case No. 2:24-cv-00879-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant T.T. II, Inc.'s and Defendant Tori Wilkinson's (collectively Defendants) Motion to Withdraw Admissions (Motion) (ECF 21). The court also considered Plaintiff Jane Doe's (Plaintiff) Response (ECF 22) as well as Defendants' Reply to the Motion (ECF 27). Having carefully considered the relevant filings and case law, the court finds that oral argument is unnecessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court enters the following Memorandum Decision and Order.

## I.   BACKGROUND

Defendant T.T. II, Inc. is a Utah corporation licensed as an escort agency, and Defendant Tori Wilkinson (Wilkinson) is the president (ECF 27-1). This case concerns the alleged illegal distribution of images that Plaintiff provided to Defendants (ECF 2 at ¶¶ 7–8). Plaintiff alleges that she only gave Defendants consent to provide her images to "private" recipients, but no permission was given for the "public" distribution or display of her images (*id*. at ¶¶ 8–9). Plaintiff asserts that Defendants distributed, posed, or shared her images on various public websites without Plaintiff's consent, and they kept her images on those websites despite Plaintiff's requests to remove them (*id*. at ¶¶ 10–18). Plaintiff brought this action asserting Defendants violated 15 U.S.C.

§ 6851 (*id*. at ¶¶ 21–34). In their Answer, Defendants admit that Plaintiff's images were posted on various websites, but they assert it was not done in breach of any agreement with the Plaintiff to the contrary (ECF 14 at ¶ 7).

The current discovery issue stems from Defendants' late response to Plaintiff's First Set of Requests for Admission (RFA), which included seventeen (17) RFAs (ECF 21-1). The RFAs were emailed to Defendants on February 27, 2025 (ECF 21 at 1) with a due date of 30 days as required under Federal Rule of Civil Procedure 36(a)(3). Defendants did not respond to the requests within the 30 days and instead sent a response over on May 26, 2025 (*id*.), nearly two months past the deadline. In what Defendants call an "Amended Response to Requests to Admit" (ECF 21-2), Defendants propose responses that deny RFA Nos. 2, 4, 6, 8, 10, and 15, while admitting the other RFAs with specific qualifications (*see* ECF 21-2)[1]. Under the Scheduling Order, the fact discovery deadline closed on July 15, 2025 (*see* ECF 20 at 3). The present Motion, filed by Defendants on May 31, 2025, seeks permission to withdraw their deemed admissions given the untimely responses. Due to confusion regarding the legal basis underlying Defendants' Motion, the court granted Defendants leave to file a reply in support of their Motion (*see* ECF 26). Defendants filed their Reply (ECF 27) on November 7, 2025, which included a sworn Declaration of Tori Wilkinson (ECF 27-1).

I.   DISCUSSION

Defendants seek court approval to withdraw the deemed admitted RFAs and amend the admissions to the 16 "Amended Response to Requests to Admit," asserting that the current admissions will result in false information being given to the trier of fact, and that Plaintiff will

---

[1] The court notes the initial RFAs contained 17 requests, but Defendants' Amended Response to Requests to admit only provides responses to 16 RFAs.

not be prejudiced by permitting withdrawal (ECF 27 at 5).[2] Plaintiff argues that Rule 36(b) requires two elements to be satisfied before inadvertently admitted admissions can be withdrawn, and that Defendants have failed to meet either element (*id*).

Rule 36(a)(3) "makes clear that unless a response is received within thirty days of a request for admission, each item contained therein will be deemed admitted." *Bernard v. Group Pub., Inc.*, 970 F. Supp. 2d 1206, 1220 (D. Colo. 2013) (citing *Bergemann v. United States,* 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted.")). The Tenth Circuit has held that withdrawal or amendment is permitted "when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005). Rule 36(b)'s provision for withdrawal or amendment of an admission "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36(b) Advisory Committee Notes.

Regarding the second factor of Rule 36(b), "[t]he prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth.

---

[2] The court notes that Defendants also moved under Federal Rule of Civil Procedure 60(b), but provided no legal basis for why the court should consider anything other than Rule 36. The inadequacy of Defendants' briefing is sufficient to deny their request for relief under Rule 60(b). Moreover, the court finds that Rule 60(b) only applies in "exceptional circumstances" when a party has made a mistake which it "could not have protected against[.]" *See Yapp v. Excel Corp*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citing *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996)). "Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes" by seeking relief under Rule 60(b). *Id*. Here, Plaintiff served the requests to Defendants' counsel by email. Defendants' counsel admits he missed the deadline because he misunderstood federal court procedures, mistakenly believing a Certificate of Service needed to be filed with the Court (ECF 21 at 1). Counsel's lack of knowledge about federal procedures and negligence in not monitoring his email do not justify relief under Rule 60(b). *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir.1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).").

Something more is required." *Raiser*, 409 F.3d at 1246 (quoting *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987)). Prejudice under Rule 36(b) "relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id*. (quoting *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995)).

As a preliminary matter, because Defendants did not respond to Plaintiff's seventeen (17) Requests for Admission, the following RFAs are deemed admitted:

1. Admit Defendants posted, shared, or distributed intimate images of the Plaintiff.
2. Admit Defendants posted, shared, or distributed intimate images of the Plaintiff that included Plaintiff's face, likeness, or other distinguishing characteristics.
3. Admit that at least one of the images Defendants posted, shared, or distributed of the Plaintiff depicted her uncovered genitals, pubic area, anus, or post-pubescent female nipple.
4. Admit Defendants' posted Plaintiff's images on callescort.org.
5. Admit Defendants' posted Plaintiff's images on tryst.link.
6. Admit Defendants' posted Plaintiff's images on escortbabylon.net.
7. Admit Defendants' posted Plaintiff's images on escortalligator.com.
8. Admit Defendants' posted Plaintiff's images on theeroticreview.com.
9. Admit Defendants' posted Plaintiff's images on rubrankings.com.
10. Admit Defendants' posted Plaintiff's images on ondate.com.
11. Admit Defendants posted, shared, or distributed intimate images of the Plaintiff to individuals through email, text message, or other distribution sources.
12. Admit that Defendants posted, shared, or distributed Plaintiff's intimate images for the purpose of soliciting sexually oriented business.
13. Admit that Defendants financially benefitted from posting, sharing, or distributing Plaintiff's intimate images.
14. Admit that Plaintiff revoked consent to post, share, or distribute her intimate images.
15. Admit that Defendants knew or reasonably should have known that posting, sharing, or distributing Plaintiff's images without her consent would cause Plaintiff emotional distress.
16. Admit that Defendants did not remove, unpublish, or otherwise delete Plaintiff's intimate images within 48 hours of her revocation of consent.
17. Admit Defendants posted, shared, or distributed Plaintiff's intimate images after Plaintiff revoked consent to do so.

(*see* ECF 21-1).

For the reasons stated below, the court determines that Rule 36(b) requires the withdrawal and amendment of Defendants' admissions to RFA Nos. 4, 6, 8, and 10. The court further determines that the withdrawal of Defendants' admissions to RFA Nos. 1–3, 5, 7, 9, and 11–17 is unwarranted.

A. **Request for Admission Nos. 4, 6, 8, and 10.**

In its proposed Amended Response to Requests to Admit, Defendants admit to posting Plaintiff's images on various websites, but not on the websites listed in RFA Nos. 4, 6, 8, and 10. Defendants allege that these websites might have copied and pasted the ads from the sites where Defendants did post the images and that Defendants have no control over the actions of these websites (*see* ECF 21-2; and Wilkinson Declaration at ¶ 12). Regarding the first Rule 36(b) factor, the current binding admissions establish facts that Defendants have sworn are false, which could mislead the jury and result in a decision not based on the case's merits. Thus, withdrawing these admissions better ensures that the case is resolved on its merits rather than false admissions.

Regarding the second factor, Plaintiff mistakenly asserts that Defendants have the burden of showing that withdrawal will not prejudice Plaintiff (*see* ECF 22 at 3). The party "who obtained the admission," in this case Plaintiff, has the burden of showing that withdrawal or amendment will prejudice them. *See Raiser*, 409 F.3d 1243 (finding that the party that had received the admissions failed to meet its burden of showing prejudice). Plaintiff, however, still provides arguments as to why withdrawal would prejudice her. Plaintiff claims she relied on Defendants' admissions while litigating this case, and that she did not pursue further discovery for several months (ECF 22 at 4). During that time, Plaintiff argues she could have deposed more witnesses, subpoenaed additional information from outside sources, or sought other discovery, but was led to

5

believe such actions were unnecessary (*id*.). Plaintiff further asserts that because the deadline to submit written discovery is now closed, Plaintiff has lost the opportunity to discover other defendants, witnesses, or victims, but these "trails have grown cold" (*id*. at 5).

Considering that over eight months have passed since Defendants' deadline to respond to the admissions, and the fact that the discovery deadline was July 15, 2025 (*see* ECF 20 at 3), it is clear that Plaintiff has relied on these admissions and lost time for additional discovery. The main question, however, is whether withdrawing these four admissions would hinder Plaintiff's ability to prove her case. *See Raiser*, 409 F.3d at 1246 (noting that prejudice under Rule 36(b) "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.") (quoting *Hadley*, 45 F.3d at 1348).

Plaintiff has not identified any key witnesses, defendants, victims, or pieces of evidence that would be unavailable if these four admissions are withdrawn. Therefore, the court determines that the prejudice claimed does not outweigh the court's interest in deciding the underlying dispute based on its merits. If Plaintiff believes additional discovery is necessary regarding her images on the four websites, she may submit a formal motion to seek an extension for limited follow-up discovery. As stated by this court in *Questar*, "the need to expend additional time and resources to conduct additional discovery to convince the jury of its claim, without more, is not the kind of prejudice contemplated by Rule 36(b)." *Questar Expl. and Prod. Co. v. Lambeth*, No. 2:08-CV-455 TS, 2009 WL 5100065, at *2 (D. Utah Dec. 17, 2009).

B.  **Requests for Admission Nos. 1–3, 5, 7, 9, and 11–16.**

Allowing RFA Nos. 1–3, 5, 7, 9, and 11–16 to be amended would not subserve the presentation of the merits of the action. Except for RFA Nos. 2 and 15, Defendants do not seek to

withdraw their admissions, but rather to qualify them with additional language and qualifications (*see* ECF 21-2). However, permitting Defendants to include their proposed qualifications does not promote the presentation of the merits of the action.

First and foremost, these requests establish undisputed facts, such as Defendants' posting of Plaintiff's images on various websites, including one that showed her female breasts, that Plaintiff later revoked her consent, and that the images were not removed within 48 hours. Defendants do not deny these admissions; instead, they attempt to qualify their admissions to clarify that they were not acting without Plaintiff's consent (*id.*). As Defendants highlight, however, these requests do not establish that Defendants acted without consent; instead, they only "[infer] that Defendants did something wrong" (*see* ECF 27 at 6). As they are, the admissions leave Defendants free to present evidence regarding consent, authorization, intent, and other relevant context to support their claims.

The court now turns to RFA Nos. 2 and 15, which Defendants deny. Request No. 2 seeks an admission that Defendants posted an image which showed "Plaintiff's face, likeness, or other distinguishing characteristics" (ECF 21-2). Defendants deny this request, but Wilkinson, in her Declaration, indicates that "We did post a single face picture on tryst.link, which was up for less than 24 hours. It wasn't intentional" (*see* ECF 27-1 at ¶ 13). Thus, permitting the withdrawal of this admission would not subserve the presentation of the merits in this action. Request No. 15 seeks an admission that "Defendants knew or reasonably should have known that posting [] Plaintiff's images without her consent would cause Plaintiff emotional distress" (ECF 21-2). Defendants deny that they were acting without Plaintiff's consent; however, this admission does not establish that Defendants acted without consent.

Thus, for the reasons stated above, the court finds that the first Rule 36(b) factor is not met, as allowing Defendants to amend their admissions to RFA Nos. 1–3, 5, 7, 9, and 11–16 would not subserve the presentation of the merits of the action. Because the first Rule 36(b) factor is not met, the court does not address whether withdrawal would prejudice Plaintiff.

C.  **Request for Admission No. 17**.

As indicated above, Defendants never responded to RFA No. 17, nor have they offered any argument as to why this RFA should be withdrawn. Defendants seem to be under the impression that Plaintiff's First Set of RFAs only contained sixteen (16) requests, as they only provided responses to sixteen requests in their Amended Response to Requests to Admit (*see* ECF 21-2), and in their Reply, they repeatedly reference only sixteen requests. *See* ECF 27 at 2 ("After the commencement of the action, Plaintiff served Defendants with *16 Requests* for Admissions under Rule 36 F.R.C.P."); *id*. at 6 and 7 ("The first 13 of the *16 Requests* to admit . . ."); *id*. at 7 ("And only, in the very last Request, *number 16*, is there a hint of lack of consent.") (emphasis added).

By failing to acknowledge RFA No. 17, Defendants have provided the court with no argument, guidance, or legal basis to determine whether this admission should be withdrawn. "[I]t is not the proper function of the Court to assume the role of advocate" and make the litigant's arguments for them. *Maloy v. IRS*, No. 1:21-CV-0120-DBB-DBP, 2022 WL 1480002 at *3 (D. Utah Mar. 22, 2022), *report and recommendation adopted*, No. 121CV00120DBBDBP, 2022 WL 1085032 (D. Utah Apr. 11, 2022) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).[3] Thus, the court determines that RFA No. 17 should remain admitted.

---

[3] While the court in *Maloy* was addressing a *pro se* litigant, the principle that the court should not assume the role of advocate applies to every case brought before the court. Courts, however, rarely address this principle when, as is the case here, the litigant is represented by counsel.

## II.   CONCLUSION

For the reasons set forth above, the court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Withdraw (ECF 21), and **ORDERS** as follows:

1. Defendants' inadvertent admissions to Requests for Admission Nos. 4, 6, 8, and 10 are withdrawn and replaced with their responses in the proposed Amended Response to Requests to Admit (ECF 21-2).

2. Defendants' inadvertent admissions to Requests for Admission Nos. 1–3, 5, 7, 9, and 11–17 remain admitted.

IT IS SO ORDERED.

DATED this 12 December 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah